IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUIS MANUEL PENA-LORA, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:06-CV-686-Y |
| | § | |
| COLE JETER, WARDEN, | § | |
| FCI-FORT WORTH, | § | |
|    Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Luis Manuel Pena-Lora, Reg. No. 16057-069, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Cole Jeter is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

Pena-Lora is serving federal sentences for his 1998 convictions in case number 3:97-CR-190-SEC-5 in the District of Puerto Rico, San Juan Division. *See* CM/ECF, Criminal Docket for

Case # 3:97-cr-190-SEC-5, docket entries for May 1, 1998 & October 2, 1998. Pena-Lora's convictions and sentences were affirmed by the First Circuit Court of Appeals on September 1, 2000. *Id.*, docket entry for September 18, 2000. Pena-Lora did not file a 28 U.S.C. § 2255 Motion in the District of Puerto Rico. (Petition at 7.) On September 24, 2006, Pena-Lora filed this petition under § 2241 in this district, where he is currently serving his sentences. The government has moved that the petition be dismissed for lack of jurisdiction.

D. DISCUSSION

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(h)(3).

The question is whether Pena-Lora's claims are properly raised in a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition is not a substitute for a motion under § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate

2

or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

In this petition, Penal-Lora raises four claims for relief: (1) he received ineffective assistance of counsel on appeal; (2) he received inadequate advice of counsel in preparation for trial; (3) he received inadequate advice of counsel with regard to his rights under § 2255, and (4) his conviction is based on allegations which were unsupported by the evidence. (Petition at 4-5.) Pena-Lora's effort to challenge his convictions via § 2241 does not fit within the savings clause of § 2255. He has neither alleged nor demonstrated that, based on a retroactively applicable Supreme Court decision, he was convicted of a nonexistent offense, or that the claims were foreclosed by circuit law at the time of his trial, appeal, or a § 2255 motion. Ignorance of the law or filing deadlines does not render § 2255 inadequate or ineffective nor does the fact that Pena-Lora may now be barred from filing a § 2255 motion under the statute's one-year statute of limitations. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Jeffers*, 253 F.3d at 830; *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Pena-Lora is precluded from challenging the legality of his convictions under § 2241. The court is therefore without jurisdiction to consider the petition. *See Padilla*, 416 F.3d at 427; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that the government's motion to dismiss be GRANTED, and this petition

3

for writ of habeas corpus under § 2241 be dismissed with prejudice.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 24, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 24, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 3, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE